UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **Loredana TERZIU,** | |
| *Plaintiff*, | |
| v. | |
| Michael J. Klinger, Director, DETROIT FIELD OFFICE, UNITED STATES CITZENSHIP AND IMMIGRATION SERVICES; | **Case No.   26-cv-10719** |
| Loren K. Miller, Director, NEBRASKA SERVICE CENTER, UNITED STATES CITZENSHIP AND IMMIGRATION SERVICES; | Hon. Judge _____ |
| | Mag. Judge _____ |
| Joseph B. Edlow, Director, UNITED STATES CITZENSHIP AND IMMIGRATION SERVICES. | |
| *Defendants*. | |

**PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR INJUNCTIVE RELIEF**

I.  **INTRODUCTION**

1. This is an action brought pursuant to the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 702, *et seq*., ("APA") seeking to compel Defendant United State Citizenship and Immigration Services (USCIS) to complete the administrative agency process and render a final adjudication of Plaintiff's I-485 Application for Adjustment of Status, properly filed with the Agency on November 12, 2021. To date, the Defendants have failed to adjudicate Plaintiff's I-485 Application. Plaintiff seeks to have this honorable Court impose a date-certain deadline for adjudication of her pending I-485 Application.

II.  **PARTIES**

2. Plaintiff Ms. Loredana TERZIU is a citizen and national of Albania. Plaintiff's pending I-485 Application for Adjustment of Status was received by USCIS on November 12, 2021. Plaintiff lives in Saline, Washtenaw County, Michigan.

3. Defendant Michael Klinger is Director of the USCIS Detroit Field Office. Among other responsibilities, the Detroit Field Office conducts interviews for immigrant visa petitions filed by U.S. citizens such as the I-485 Application for Adjustment of Status filed by Plaintiff Loredana TERZIU on November 12, 2021. Based on Plaintiffs' domicile in Michigan, her interview should be scheduled and

2

conducted at the Detroit Field Office. Defendant Klinger is sued in his official capacity.

4. Defendant Loren K. Miller is Director of the USCIS Nebraska Service Center ("NSC"). Among other responsibilities, the NSC adjudicates applications filed by noncitizens such as the I-485 Application for Adjustment of Status filed by Plaintiff Loredana TERZIU on November 12, 2021. Defendant Miller is sued in his official capacity.

5. Defendant Joseph B. Edlow is Director of USCIS. In this role, Defendant Edlow directs the administration of USCIS which oversees the adjudication of immigration benefits and establishes and implements governing policies. Defendant Edlow is responsible for USCIS policies, practices, and procedures, which includes the delegated personnel who should *complete* adjudication of Plaintiff's pending I-485 Application. Defendant Edlow is sued in his official capacity.

6. Defendant USCIS is a component of the Defendant Department of Homeland Security (DHS), 6 U.S.C. § 271, and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). USCIS is responsible for the adjudication of immigration benefits, including I-485 Applications and it is the agency that has failed to complete the administrative process on Plaintiff's pending I-485 Application.

III.    **JURISDICTION**

7. This case arises under the Mandamus Act, 28 U.S.C. § 1361, which gives district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

8. This Court has jurisdiction over this complaint pursuant to 28 U.S.C. § 1331, as a civil action raising a federal question arising under the laws of the United States, and 28 U.S.C. § 1651, as this Court was established by Congress and therefore "may issue all writs necessary or appropriate in their respective jurisdictions."

9. Jurisdiction is also conferred by the Administrative Procedures Act, 5 USC §§ 701-708, as Plaintiff are aggrieved by adverse agency action in this case and this court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). "Agency action" includes, in relevant part, the "failure to act." 5 U.S.C. § 551(13).

10. The Court has personal jurisdiction over all Defendants as they can be reached by service of process.

IV.    **VENUE**

11. Venue in this judicial district is proper under 28 U.S.C. § 1391(e)(1), because this is a civil action in which the Defendants are agencies of the United

States and officers of the United States acting in their official capacity, this action is brought in the judicial district in which Plaintiff resides and in which Defendant Klinger, Director of the USCIS Detroit Field Office, should both conduct Plaintiff's interview and complete adjudication of Plaintiff's pending I-485 application, and all Defendants can be reached by service of process.

## V.    STANDING

12.    Plaintiff has constitutional standing under *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992), as individuals who have suffered a concrete injury due to Defendants' failure to act, which injury will be redressed by a favorable decision in this case. *Lujan v. Defenders of Wildlife*, 504 U.S. 560-61 (1992). Plaintiff has been and continues to be injured by the ongoing failure of Defendants to timely adjudicate her properly filed I-485 Application for Adjustment of Status, pending since November 12, 2021.

## VI.    FACTUAL ALLEGATIONS

13.    Plaintiff currently resides in Saline, Michigan. She resides in the Eastern District of Michigan and within the area served by the USCIS Detroit Field Office. **Exhibit 1**.

14.    Plaintiff, a native and citizen of Albania born in 1990, was admitted to the United States at Chicago, IL, on December 3, 2016, in B2 status. **Exhibit 2**.

15.     On March 19, 2021, Plaintiff married her husband, Konstantinos Papanastasopoulos, a citizen and native of the United States, in Toledo, Ohio. The Form I-130 Petition for Alien Relative (Petition No. IOE0911859354) filed on Plaintiff's behalf by her U.S. citizen husband was approved on August 29, 2023. **Exhibit 3**.

16.     On May 7, 2020, Plaintiff was issued a Notice to Appear (NTA) and placed in removal proceedings at the Detroit Immigration Court, charged as removable under INA § 237(a)(1)(B) as an alien present in violation of law. Upon approval of her I-130 Petition, the Immigration Court dismissed removal proceedings on September 15, 2023. **Exhibit 4**.

17.     Prior to dismissal and while still in removal proceedings, Plaintiff properly submitted her I-485 Application for Adjustment of Status to the Immigration Court and sent a copy to the USCIS Nebraska Service Center, which received the application on November 12, 2021, and assigned Receipt No. SRC2204350125. **Exhibit 5**.

18.     On November 17, 2023, Plaintiff submitted an updated application on the then-updated current-version Form I-485 via the USCIS Chicago Lockbox, which USCIS improperly rejected for lack of an included filing fee. On December 27, 2023, Plaintiff resubmitted the same updated Form I-485 with explicit explanation of the USCIS error. This submission included updated passport-style

photos, updated Form I-864 Affidavit of Support, and updated Form I-693 Report of Medical Exam. **Exhibit 6**.

19. To date, Plaintiff has not been scheduled for an I-485 adjustment of status interview at the USCIS Detroit Field Office.

20. Published USCIS materials indicate that the average processing time for an I-485 in FY 2019 was 6.7 months; for FY2020 6.9 months; for FY2021 12.9 months, for FY2022 22.6 months, and for FY2023 22.5 months. *Historical National Median Processing Times, USCIS, March 31, 2023*. **Exhibit 7**.

21. The currently-published average processing time for an I-485 at the USCIS Detroit Field Office is 9.5 months. **Exhibit 8**.

22. Plaintiff has followed-up and corresponded with Defendant USCIS numerous times since filing her Form I-485. **Exhibit 9**.

23. As of the date of this filing, the USCIS online case status for Plaintiff's pending I-485 still shows only that the "Case Was Received" on November 12, 2021. **Exhibit 10**.

24. As of the date of this filing, Plaintiff has received neither an interview nor a final decision from USCIS regarding her application for adjustment of status, and it has now been more than four years – totaling more than 51 months – since her properly-filed I-485 was received by USCIS on November 12, 2021.

25.     Plaintiff's I-485 Application is now well outside of historical and current processing times as it has been pending more than 51 months – *over FOUR YEARS*. Plaintiff's I-485 has languished more than two years – over 27 months – since USCIS received her updated I-485 and medical exam in November of 2023.

26.     Defendants have failed to complete adjudication of Plaintiff's properly filed I-485.

## VII.   IRREPARABLE INJURY

27.     The failure of USCIS to *complete* the administrative agency action regarding Plaintiff's I-485 Application within a reasonable time (received by USCIS on November 12, 2021) causes Plaintiff and her U.S. citizen husband to suffer irreparable injury.

## VIII.  EXHAUSTION

28.     Plaintiff has exhausted all available administrative remedies that can provide the relief she seeks. There are no further administrative remedies available to Plaintiff.

## IX.    FIRST CAUSE OF ACTION – Writ of Mandamus with respect to Plaintiff's pending I-485 Application for Adjustment of Status

29.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28 above.

30. A mandamus plaintiff must demonstrate that: "(1) there is a clear right to the relief sought; (2) the Government has a plainly defined and peremptory duty to perform the act in question; and (3) there is no other adequate remedy available." *Benzman v. Whitman*, 523 F.3d 119, 133 (2d Cir. 2008). *See also* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.")

31. Plaintiff has a clear right to the relief requested. Plaintiff's I-485 Application for Adjustment of Status was received by USCIS on November 12, 2021.

32. Defendants have a clear, ministerial, non-discretionary duty to perform the act in question – which is to <u>complete</u> the administrative agency action on Plaintiff's pending I-485 in a reasonable time within published processing times. This includes both interview and adjudication.

33. Furthermore, <u>provisions of 8 U.S.C. § 1571(a), § 1571(b), § 1572, § 1573, and § 1574 make clear Congress's policy that **an immigration benefit application should be completed not later than 180 days after the initial filing**</u>.

34. Defendants have failed to issue a decision on Plaintiff's I-485 Application.

35. Plaintiff has now awaited completion of the administrative agency process for 51 months – *more than four years* – since the I-485 Application was received by Defendant USCIS on November 12, 2021.

36. This delay is far longer than the "12.9 months" processing time for FY2021 published on Defendant USCIS' website and much, much longer than the maximum 180 days allowed by statute. Plaintiff has been prejudiced by this delay.

37. Under the circumstances, it is unreasonable for Defendants to delay completion of the administrative agency process regarding Plaintiff's I-485 Application.

38. No other adequate remedy is available.

## X.   SECOND CAUSE OF ACTION – Administrative Procedures Act with respect to Plaintiff's pending I-485 Application for Adjustment of Status

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28 above.

40. The Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b) and 5 U.S.C. § 706(1), provides the Court with authority to "compel agency action unlawfully withheld or unreasonably delayed." *Garcia v. United States Dep't of Homeland Sec.*, 14 F.4th 462, 487 (6th Cir. 2021). As held by the tenth Circuit, "the APA gives rise to a legally enforceable right to the <u>completion</u> of administrative agency action within a reasonable time, not merely a right to have the agency take

some action at all." *Yu v. Brown*, 36 F. Supp. 2d 922, 928 (D.N.M. 1999), citing *Forest Guardians v. Babbitt*, 164 F.3d 1261, 1269 (10th Cir. 1998) and *Deering Milliken, Inc. v. Johnston,* 295 F.2d 856, 861 (4th Cir.1961) (emphasis added).

41. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed" where the Plaintiff asserts that the Defendants have failed to take a discrete action. 5 U.S.C. § 706(1). A failure to act as agency action is a failure to take a discrete, required action. *Norton v. Southern Utah Wilderness Alliance,* 542 U.S. 55, 62-63 (2004).

42. The APA also provides this Court with the authority to hold unlawful and set aside agency action that, *inter alia,* is found to be: "arbitrary, capricious, and [an] abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C); or "without observance of procedure required by law," 5 U.S.C. § 706(2)(D). "<u>Agency action" includes, in relevant part</u>, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or <u>failure to act</u>." 5 U.S.C. § 551(13) (emphasis added).

43. When a petitioner/plaintiff "seeks both mandamus relief and relief under the APA, courts apply the same principles and standards both to determine jurisdiction and to assess the merits." *Nelson v. United States*, 107 F. App'x 469, 471 (6th Cir. 2004). Generally, a plaintiff who seeks to compel unreasonably

11

delayed action "under the Mandamus Act and the APA must make essentially the same showing for both claims." *Sawan v. Chertoff*, 589 F. Supp. 2d 817, 825 (S.D. Tex. 2008). Similarly, a plaintiff who succeeds under either the Mandamus Act or the APA is entitled to the same relief: a court order compelling the government to take the withheld, nondiscretionary action. See *Id.*, at 825-26.

44. Defendants have a duty under the APA to make a final decision regarding Plaintiff's pending I-485 application to adjust status "within a reasonable amount of time." 5 U.S.C. § 555(b).

45. To determine whether the agency's delay is unreasonable, this Court must apply the six "TRAC" factors enumerated in *Telecomms Research & Action v. FCC ("TRAC")*, 750 F.2d 70, 80 (D.C. Cir. 1984). *Telukunta v. Mayorkas*, Case No. 21-10372, (ED Mich., June 15, 2021), at 2. "The 'most important' TRAC factor is the first factor." *Id., quoting In re Core Comms., Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008). The first factor requires that "the time agencies take to make decisions must be governed by a 'rule of reason.'" *TRAC*, 750 F.2d at 80. USCIS reviews applications on a first-in, first-out basis. It strains credibility and reason to think there are many, if any, applications pending without final resolution that were filed prior to Plaintiff's filing date of November 12, 2021 – over 51 months or 1,571 days ago. This most important factor favors Plaintiff. "The third and fifth TRAC factors address the delay's effect on the visa applicant. Under the third

12

factor the Court must consider that 'delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake.'" *Telukunta*, No-21-10372, at 3, quoting *TRAC*, 750 F.2d at 80.

46. Defendants have unreasonably delayed completion of the administrative agency process regarding Plaintiff's I-485 Application. Again, it has been 51 months – *more than four years* – since the properly filed I-485 Application was received by Defendant USCIS on November 12, 2021.

47. Defendant's "failure to act" on Plaintiff's properly filed I-485 Application is arbitrary, capricious, and not in accordance with the law, regulations, or USCIS policy. 5 U.S.C. § 551(13).

48. Plaintiff has exhausted her administrative remedies. No other remedy exists in the face of the Defendants' continued and unexplained withholding of required action on the I-485 Application properly filed by Plaintiff.

49. Plaintiff respectfully request that this Honorable Court "compel agency action unlawfully withheld or unreasonably delayed" with respect to her I-485 pursuant to the Administrative Procedures Act, 5 U.S.C. § 706(1).

### XI. CLAIM FOR EQUAL ACCESS TO JUSTICE ACT (EAJA) FEES

50. Plaintiff re-allege and incorporate by reference paragraphs 1 to 49.

51. Defendant's failure to complete the administrative agency actions and render a final decision within a reasonable amount of time is substantially unjustified and Plaintiff is entitled to reasonable attorney's fees under EAJA.

## XII. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

1. Assume jurisdiction over this action; and

2. Compel Defendants to <u>complete</u> all agency action and render a <u>FINAL</u> adjudication of Plaintiff's I-485 Application by a date certain; and

3. Award Plaintiff reasonable costs and fees under EAJA; and

4. Award such other relief as the Court deems necessary or proper.

Respectfully submitted this 2nd day of March, 2026.

/s/ *Glenn Eric Sproull*
GLENN ERIC SPROULL (IL 6276310)
Palmer Rey PLLC
29566 Northwestern Hwy, Suite 200
Southfield, MI 48034
(248) 522-9500
eric@palmerrey.com
***Attorney for Plaintiff***